912

LELAND HENLEY, CHAIRMAN *v.* W. L. GOGGINS ET AL

5-5605                                      467 S. W. 2d 697

Opinion delivered June 14, 1971

*John B. Driver*, for appellant.

*N. J. Henley*, for appellees.

LYLE BROWN, Justice. The appellant and the two appellees constitute the Searcy County Board of Election Commissioners. The commissioners met twenty days prior to the March 9, 1971, school election, to select judges and clerks. Appellant, a Republican and the minority member of the commission, insisted that he was entitled to select one judge and one clerk for each voting precinct. Appellees contended that such a provision in the general election laws does not apply to school elections, those elections being nonpartisan. The circuit court agreed with appellees and denied appellant's petition for a writ of mandamus, which was heard on February 22. Appellant's only issue is that, as the representative of the minority party in Searcy County, he was entitled to appoint one judge and one clerk in the St. Joe School District 69 election. Appellees suggest that the appeal should be dismissed. That is on the ground

that the election was held on March 9 and the issue is therefore moot.

The only explicit provision in our law for the selection of election judges and clerks on a partisan basis is found in Act 465 of 1969. Section 6(d) of that Act provides that for a *general* election three judges and two clerks shall be selected for each ballot box. It provides that two judges and one clerk shall be chosen by those two members of the County Board of Election Commissioners who represent the majority party, and that the other judge and clerk shall be chosen by the third member of the board who represents the minority party. See Ark. Stat. Ann. § 3-506(d) (Supp. 1969).

To sustain his contention that § 3-506(d) applies to school elections, appellant cites us to Ark. Stat. Ann. § 80-317 (Repl. 1960):

Hereafter the County Board of Election Commissioners shall be charged with the responsibility of selecting judges and clerks of all school elections held in the several counties of this State. Said County Board of Election Commissioners shall also be authorized and empowered to make all necessary arrangements for conducting school elections *and the general election laws, insofar as applicable, shall apply to school elections.* (Emphasis added.)

Section 80-317 comes from Acts 1949, No. 56. Section 80-318 also provides that the election commissioners shall provide the election supplies and appoint the judges and clerks. That section was enacted in 1951.

Appellant points up the clause in § 80-317, "the general election laws, insofar as applicable, shall apply to school elections." Hence, appellant says, the selection of judges and clerks on a partisan basis, as provided in Section 6(d) of Act 465, is applicable. But there is another provision in Act 465 which runs contrary to appellant's argument. That provision is codified in Ark. Stat. Ann. § 3-101(c) as follows:

"General or special election" shall mean the regular biennial or annual elections for election of United States, State, District, County, Township, and Municipal officials, and the special elections to fill vacancies therein. *Such term, as used in this Act, shall not apply to school elections or officials of school districts.* (Emphasis added.)

We therefore conclude that when Act 465 provides for partisan judges and clerks it refers only to "general or special elections" as the term is defined in the Act and that its application to school elections is specifically excluded in the section just cited. That conclusion is still more plausible when we consider the fact that school elections are nonpartisan; candidates run as independents, their names being placed on the ballot by the requisite number of signatures on a petition. Furthermore, in providing for the selection of judges and clerks in §§ 80-317 and 318, the Legislature could have easily inserted the partisan selection provision had it so desired.

Appellees' argument that this case is moot and should therefore be dismissed is without merit. We have many times decided election cases that actually had become moot because "controversies about the election laws present issues of public interest that ought to be set at rest." *Rockefeller* v. *Purcell,* 245 Ark. 536, 434 S. W. 2d 72 (1968).

Affirmed.