JUNIUS HENDERSON ET AL v. DAVID ANDERSON ET AL

5-5696                                        475 S.W. 2d 508

Opinion delivered January 10, 1972
[Rehearing denied February 14, 1972.]

*Keith Rutledge,* for appellants.

*Bennett & Purtle,* for appellees.

LYLE BROWN, Justice. This case arose out of a local option liquor election in Stone County. On the face of the returns the "drys" won out over the "wets." An appeal was lodged in the Stone County Court. That court held that it was without jurisdiction. On appeal, the circuit court agreed with the county court and dismissed the suit. The question we must resolve is whether the county court had jurisdiction.

Act 108 of 1935 legalized the manufacture and sale of liquor in this State. Article 7, § 14 thereof provided the procedure for the contest of a local option election. It is codified as Ark. Stat. Ann. § 48-820 (Repl. 1964). Subsection 1 thereof provides:

> The contest shall be heard and determined by the same board which, by law, is authorized and empowered to hear and determine a contest of an election for county officers; *and the same provisions of the statutes shall apply to the contest of any election*

*held under this law as are provided for the contest of any election for* county officers, . . . . (Emphasis supplied.)

Another provision of § 48-820 provides for the lodging of the appeal in the county court. (At that time the county court had jurisdiction of contests for county offices. Ark. Stat. Ann. § 3-1205 (Repl. 1956) ).

By Act 465 of 1969 the General Assembly passed an extensive act aimed at codifying the election laws. Article 10, § 1 of Act 465 appears in Ark. Stat. Ann. § 3-1001 (Supp. 1969), and provides in part:

A right of action is hereby conferred on any candidate to contest the certification of nomination or the certificate of vote as made by the appropriate officials in any election. The action shall be brought in the circuit court of the county in which the certificate of nomination or certificate of vote is made when a county or city or township office, including the office of county delegate or county committeeman, is involved, and except as hereinafter provided, within any county in the Circuit or District wherein any of the wrongful acts occurred when any Circuit or District office is involved, and except as hereinafter provided, in the Pulaski Circuit Court when the office of United States Senator or any State office is involved.

Then Ark. Stat. Ann. § 3-1004, also a part of Act 465, reads in part as follows:

*Except as hereinafter provided all laws pertaining to general and special elections* or rules of political organizations holding primary elections providing for contest before political conventions or committees other than the proceedings herein provided *shall be of no further force or effect.* (Emphasis supplied.)

Appellees cited the provisions we have quoted to sustain their contention that the county court had no jurisdiction of the election contest. We agree with ap-

pellees. The purpose of Act 465, as reflected in the title, is "to codify the election laws of the State . . . ." The only exception we find in the act is that the term "general or special election" as used in the act "shall not apply to school elections or officials of school districts." It is fairly logical to assume that in listing that exception the Legislature could and probably would have listed local option liquor elections as an exception had such been the intention.

It is therefore our conclusion that Act 108 of 1935 provides that the contest of any local option election should follow the statutes providing for the contest of any election for county officers; and that Act 465 of 1969 provides that the contest for a county office shall be brought in the circuit court.

This case could have been resolved on another point, namely, that the demurrer to the complaint could have been sustained because the complaint did not state a cause of action. The complaint, or petition, did not charge any specified vote was illegally cast but contained only generalities or conclusions that illegal votes were cast. It is too late to amend after the time for filing a contesting petition has expired. *Jones* v. *Etheridge,* 242 Ark. 907, 416 S. W. 2d 306 (1967).

The reason we do not rest the case on the propriety of the demurrer is that public policy dictates that controversies about election laws should be put at rest. *Henley* v. *Goggins,* 250 Ark. 912, 467 S. W. 2d 697 (1971).

Affirmed.