Scott Hunter Prosecuting Attorney Second Judicial District P. O. Box 926 Jonesboro, Arkansas 72401
RE: School Board Election Petitions
Dear Mr. Hunter:
This official opinion is in response to your request which asks the following question:
 "Whether the County Board of Election Commissioners are required to place the name of a candidate (for a position on a local school board) on the ballot when his petition did not designate the position sought when circulated."
It is the opinion of this office that the answer to your question is yes. Ark. Stat. Ann. 80-308 (1980 Repl.) provides:
 "The County Board of Election Commissioners shall place on the ballots, as candidates for school district director, or member of the County Board of Education, names of any qualified voters, whose names have been presented to the Board by petition of at least 20 qualified, registered voters, residents of the respective districts or zones, at least forty-five days before the annual school election." (emphasis added).
This mandatory statute requires the Election Commission to place the candidate's name on the ballot if the above prerequisites are satisfied. This particular section contains a very specific list of requirements along with a mandate to the Election Commission to place the candidate's name on the ballot when these requirements are satisfied.
However, I can find no requirement that a school board candidate must designate the position he seeks prior to circulating his petition.
Your request refers to a possible challenge pursuant to Ark. Stat. Ann. 3-110(e) (1976 Repl.), which applies to all school elections with respect to filing for positions. Ark. Stat. Ann. 3-110(e) (1976 Repl.) provides:
 "(e) Where there are two (2) or more nominees to be selected for the same office (such as Associate Justice of the Supreme Court, State Senator, State Representative, Justice of the Peace, Alderman or for any other office or place) the proper committee shall require the candidates to designate in writing a particular position (i.e. Position No. 1, 2, 3, etc.) at the time a party pledge is required to be filed with the Secretary of the Committee. When a candidate has once filed and designated for a certain position, he shall not be permitted to thereafter change such position. The provisions of this subsection with respect to filing for positions shall be equally applicable to candidates seeking election at all general and special elections of this State and to all school elections.["]
Generally statutes should be construed in harmony and not in conflict. Therefore, Ark. Stat. Ann. 3-110(e) (1976 Repl.) should be read in harmony with Ark. Stat. Ann. 80-308 (1980 Repl.).
In an attempt to understand subsection 3-110(e) (1976 Repl.) with respect to school board elections, certainly "two (2) or more nominees" refers to a primary election. Also, "the proper committee" refers to the county committee of the political party. Finally, "at the time a party pledge is required to be filed with the Secretary of the Committee",. refers to Ark. Stat. Ann. 3-113(a) (1985 Cum. Supp.) for primary elections. A strict, although nonsensical, interpretation of this subsection would require a candidate for a school election to designate in writing the position he seeks at the time a party pledge is filed or between twelve o'clock (12:00) noon on the third Tuesday in March and ending at twelve o'clock (12:00) noon on the fourteenth day thereafter, before the preferential primary election. Ark. Stat. Ann. 3-113(a) (1985 Cum. Supp.). However, since school elections are nonpartisan in nature, Henley v. Goggins,250 Ark. 912, 467 S.W.2d 697 (1971), a more reasonable interpretation of Ark. Stat. Ann. 3-110(e) (1976 Repl.), would require the candidate to designate the position he seeks at the time he files his petition with the County Board of Election Commissioners.
According to the facts you have supplied, the candidate was asked which position he was seeking and he advised the central position which was duly noted at the time the petition was filed. Therefore, it would appear the candidate has substantially complied with requirements of the election code.
Consequently, the right to become a candidate is fundamental.
As a general rule of law, the right to become a candidate for election to public office is a valuable and fundamental right, and has been held to be a property right. One desiring to become a candidate at an election must be afforded a reasonable opportunity to qualify as such. The right should not be prohibited or curtailed except by the plainest provisions of law, whether embodied in constitution or statute, and any law or party rule by which the right of the citizen is diminished or impaired ought always to receive a liberal construction in favor of the citizen deserving to exercise that right.
29 C.J.S. 130.
The foregoing opinion which I hereby approve was prepared by Assistant Attorney General C. Randy McNair III.
cc: Charles R. Easterling Deputy Prosecuting Attorney Poinsett County P. O. Box 72 Harrisburg, AR 72432