Weldon COVELL and Martin V. Carmical *v.* Roger BAILEY, et al.

88-86                                    757 S.W.2d 543

Supreme Court of Arkansas
Opinion delivered October 3, 1988

*Paul D. Groce*, for appellants.

*John Patterson, P.A.,* for appellees.

DAVID NEWBERN, Justice. The appellants, Weldon Covell and Martin V. Carmical, challenged an ordinance of the City of Beebe which rezoned property adjacent to theirs. They sought injunction, mandamus, and declaratory judgment against the appellees, who are the members of the Beebe City Council, and David McAfee, who is the owner of the land. Mr. McAfee is also a member of the city council but did not vote on the ordinance which proposed to change the zoning from R-1, single family residential, to R-3, multifamily dwellings. Before the merits of the case were to be heard, the city council rescinded the ordinance. The chancellor granted the council members' motion for summary judgment. Mr. Covell and Mr. Carmical contend the passage of the rezoning ordinance was improper because of numerous irregularities including failure to follow pertinent city ordinances and other laws. They argue the trial court should have decided the issues they presented despite the rescission of the zoning change because the city council is likely to do the same thing again. We hold dismissal of the case was proper.

In granting summary judgment, the chancellor found that the case was moot. The appellants argue that even if the case was moot, their allegations of improprieties on the part of the appellees should have been heard and resolved because this is the type of case where there is great public interest and likelihood that the issues might never be resolved. They say it is like an election case where usually an election has been held before allegations of improprieties in the conduct of the election can be resolved. *See, e.g., Henley* v. *Goggins,* 250 Ark. 912, 467 S.W.2d 697 (1971); *Carroll* v. *Schneider,* 211 Ark. 538, 201 S.W.2d 221 (1947). *Cf. Velasquez* v. *Clanton,* 286 Ark. 317, 691 S.W.2d 849 (1985). Their next two arguments go together. They contend the rescission of the ordinance was invalid because an invalid

ordinance cannot be rescinded. They also argue the appellees cannot make the case moot by merely stopping the course of illegal conduct, citing *United States* v. *W.T. Grant Co.*, 345 U.S. 629 (1953), and *Dermott Special School Dist. of Chicot County* v. *Gardner*, 278 F. Supp. 687 (E.D. Ark. 1968).

The answer to these arguments lies in the complaint filed by the appellants. Their plea for writ of mandamus asked that "in the future proper procedure be followed by" the appellees. The chancellor properly noted he had no authority to issue a writ of mandamus. *Nethercutt* v. *Pulaski County Special School Dist.*, 248 Ark. 143, 450 S.W.2d 777 (1970). The appellants' plea for an injunction asked that the "action" of the appellees be negated. There was no course of action alleged affecting other landowners or the public generally. The only allegations were of specific improprieties resulting in the passage of the ordinance which purported to rezone the land adjacent to that of the appellants. Whether or not the rezoning ordinance was void, the rescission of it put an end to the matter, and we agree with the chancellor's conclusion that the case was moot.

This is not like the election cases cited above where it was likely that if the issues raised by the complaint were not decided because they became moot they might never have been decided. There is no time problem here as in election cases. Nor is there a comparable public interest in having decided the only issues raised by the complaint in this case, that is, whether the appellees acted improperly in enacting an ordinance which has since been rescinded.

The appellants challenge the propriety of entering a summary judgment. Although we agree there are no remaining material issues of fact, we are not convinced summary judgment is the proper way to dispose of a case that is moot. The result will be the same if the case is dismissed, and there will be no possible implication that any issue has been decided favorably to the appellees. Exercising our de novo review of chancery cases, *Hyde* v. *C.M. Vending Co., Inc.*, 288 Ark. 218, 703 S.W.2d 862 (1986); *Stover* v. *Stover*, 287 Ark. 116, 696 S.W.2d 750 (1985), we substitute an order of dismissal for the summary judgment.

Affirmed as modified.