MARTIN FARM ENTERPRISES, INC. *v.* Jerry HAYES

94-868                                              895 S.W.2d 535

Supreme Court of Arkansas
Opinion delivered April 3, 1995

*Womack, Landis, Phelps, McNeill & McDaniel*, by: *G. S. Brant Perkins*, for appellant.

*J. Scott Davidson*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Martin Farm Enterprises, Inc., as third party plaintiff, appeals an order of the Cleburne County Circuit Court granting the motion for summary judgment of appellee, Jerry Hayes, as third party defendant, and dismissing with prejudice appellant's third party complaint for indemnity and contribution. Our jurisdiction of the appeal is proper, pursuant to Ark. Sup. Ct. R. 1-2(a)(16) and (d), respectively, because it raises a question about the law of torts and was certified to this court by the court of appeals. The gravamen of appellant's argument is that the trial court erred in dismissing the third party complaint "with prejudice" rather than "without prejudice." We agree and reverse.

A review of the procedural history of this case is helpful. The primary action in this case was filed on July 23, 1992 by Carolyn E. Phillips, *et vir.* (collectively "Phillips") against appellant and Collier Farms, Inc. On September 3, 1992, Phillips was granted a voluntary nonsuit as to Collier Farms, Inc. because it was an improper party to the action. On the same date, she filed an amendment to her complaint substituting Franklin Collier d/b/a Collier Farms ("Collier") as appellant's co-defendant in the

primary action. Phillips sought damages for her personal injuries, medical expenses, and loss of income which, she alleged, resulted from her consumption of meat, eggs and milk produced by certain of her farm animals which had consumed feed contaminated by unlawful amounts of the chemical heptachlor. Phillips alleged that the defective feed had been supplied by Collier to appellant, who then sold it to Phillips.

Appellant's initial responsive pleading, filed on September 14, 1992, included a third party complaint against appellee, which read as follows:

> 10. By way of third party complaint, [appellant] states that all the feed which [appellant] purchased was supplied from [appellee.] If said feed was defective, then [appellant] is entitled to indemnity and/or contribution based upon the Arkansas Products Liability Act, A.C.A. § 16-116-107.

Appellee, as third party defendant, timely filed a motion to dismiss both the third party complaint and the primary complaint, or, in the alternative, for judgment on the pleadings. Appellee argued that both complaints against him were barred by the applicable statute of limitations, and, as to the third party complaint only, he argued that section 16-116-107 did not afford appellant a claim for indemnity against him.

Thereafter appellee moved for summary judgment as to both complaints. Appellee argued that he was entitled to judgment as a matter of law because the complaints against him were barred by the applicable statute of limitations. As to the third party complaint only, he argued that, because he had no liability to Phillips, inasmuch as her complaint against him was time-barred, likewise no "common liability" existed vis-a-vis appellee and appellant to Phillips, and, therefore, appellant had no right to contribution from appellee pursuant to the Uniform Contribution Among Tortfeasors Act, Ark. Code Ann. §§ 16-61-201 to -210 (1987).

Summary judgment motions were also filed by Collier and appellant in the primary action wherein each defendant argued that Phillips had failed to show the cause of her injuries. By orders filed on February 22, 1994 and March 8, 1994, the circuit court granted the summary judgment motions of Collier and

appellant for lack of causation, and dismissed the complaint against them without prejudice. The record on appeal does not reflect whether Phillips refiled her complaint.

By order filed on February 15, 1994 and refiled on May 4, 1994, the circuit court granted appellee's summary judgment motions and dismissed the complaints against him with prejudice. This appeal arises from the May 4, 1994 order with respect to the dismissal of the third party complaint only. No other appeal has been taken by any party.

On appeal, appellant argues that the circuit court's error in granting appellee's summary judgment motion and dismissing the third party complaint with prejudice was two-fold. First, the trial court's reasons for granting the motion were erroneous. Second, dismissal of the third party complaint with prejudice was error because the dismissal of the primary complaint rendered the third party complaint moot. Because we agree with appellant's second argument and reverse the circuit court's judgment, we do not address appellant's first argument.

██ A claim for contribution among tortfeasors is a derivative or conditional action in that the contribution-claimant, *e.g.*, the third party plaintiff (defendant), is not entitled to a money judgment against the party from whom contribution is sought, *e.g.*, the third party defendant, until the third party plaintiff has paid more than his pro rata share of their common liability. Section 16-61-202(2). Under section 16-61-207(1), however, the third party plaintiff is not required to wait until he has paid the judgment to implead in the primary action other persons who are or may be jointly liable for the tort, but may move for leave as a third party plaintiff "to serve a summons and complaint upon a person not a party to the action who is or may be liable as a joint tortfeasor to him or to the plaintiff for all or part of the plaintiff's claim against him."

██ The purpose of section 16-61-207(1) is expressed in the prefatory note of the National Conference of Commissioners on Uniform State Laws (1939 Act), as follows:

> This Subsection enables one or more of several joint tortfeasors sued by the injured person to add as third-party defendants any fellow joint tortfeasors whom they believe

to have been also responsible for the tort complained of and to litigate against them in the injured person's action any claims for contribution. In this way, the interests of justice may be promoted by obviating the necessity of a separate action for contribution. It should be noted that this Section does not affect in any way the substantive law of contribution concerning the accrual of a cause of action for contribution as set forth in Section 2, Subsection (2) (A.C.A. § 16-61-202(2)), above. It merely provides for a litigation, in advance, of those issues upon which the claim for a money judgment for contribution will ultimately depend. A cross-claimant (third-party plaintiff) who is successful on his cross-claim for contribution cannot procure a money judgment for contribution unless he has paid more than his pro rata share of any judgment liability he may have sustained to the injured person, in accordance with the provisions of Section 2, Subsection (2) (A.C.A. § 16-61-202(2)) of this Act.

Although the commissioners' interpretation of the statute is not binding upon this court, we have stated that it is highly persuasive and should be adopted in the absence of clear error or a conflict with settled policy of this state. *Shultz* v. *Young*, 205 Ark. 533, 169 S.W.2d 648 (1943).

■ Similarly, a claim for indemnity is a derivative or conditional action in that it is an action by one who is compelled to pay money which ought to be paid by another to recover the sums so paid. *Carpetland of N.W. Ark., Inc.* v. *Howard*, 304 Ark. 420, 803 S.W.2d 512 (1991).

■ In the present case, when appellant's summary judgment motion in the primary case was granted and the complaint against it was dismissed, appellant's derivative third party complaint against appellee necessarily became moot. *Faser* v. *Sears, Roebuck & Co.*, 674 F.2d 856 (11th Cir. 1982). Said another way, as a result of the dismissal of the complaint against appellant, there no longer existed any legal action to determine appellant's liability to Phillips. Thus, any judgment rendered on appellant's third party complaint would have no practical effect upon a then existing legal controversy; therefore, the third party complaint became moot. *Stair* v. *Phillips*, 315 Ark. 429, 867 S.W.2d 453 (1993).

■■ This court has previously stated that it is not convinced that summary judgment is the proper way to dispose of a case that is moot. *Covell* v. *Bailey*, 296 Ark. 397, 757 S.W.2d 543 (1988) (substituting an order of dismissal, on *de novo* review, for the chancellor's order of summary judgment disposing of a moot case). In the present case, the circuit court granted appellee's summary judgment motion and dismissed appellant's third party complaint with prejudice, which operated as a final adjudication on the merits and a bar to subsequent suits on the same cause of action. *Magness* v. *McEntire*, 305 Ark. 503, 808 S.W.2d 783 (1991). This disposition was error. A moot case presents no justiciable issue for determination by the court. *Sebastian County Ass'n for Retarded Citizens and Indep. Living, Inc.* v. *Board of Zoning Adjustment of the City of Fort Smith*, 265 Ark. 175, 577 S.W.2d 394 (1979). Once the third party complaint became moot, appellee's summary judgment motion, with respect to the third party complaint, should have been denied without addressing its merits, *Faser*, 674 F.2d 856, and the third party complaint dismissed without prejudice on the grounds of mootness of the issues, lack of jurisdiction and non-justiciable nature of the issues as presented. *See Board of Zoning Adjustment*, Ark. R. Civ. P. 12(h)(3).

We reverse the circuit court's judgment and remand with directions to enter an order consistent with this opinion.