Elizabeth SHIPP *v.* Justin FRANKLIN

07-22                                                    258 S.W.3d 744

Supreme Court of Arkansas
Opinion delivered June 14, 2007

*Ray Baxter, P.A.*, by: *Ray Baxter*, for appellant.

*Huckabay, Munson, Rowlett and Moore, P.A.*, by: *Beverly A. Rowlett*, for appellee.

ANNABELLE CLINTON IMBER, Justice.  This appeal involves a constitutional challenge to two provisions of the Civil Justice Reform Act of 2003 ("Act"), codified at Ark. Code Ann. §§ 16-55-201 through 16-55-220 (Repl. 2005). The relevant facts are as follows: On December 15, 2004, Appellant Elizabeth Shipp ("Shipp") was injured in an automobile collision involving Appellee Justin Franklin ("Franklin"). As a result of the collision, Shipp filed a complaint against Franklin, in which she alleged that he was negligent in the operation of his vehicle, which negligence caused her to sustain injuries. Shipp also alleged that she had incurred medical expenses. Franklin responded by claiming in his amended answer that

an unknown person in a red automobile negligently swerved into his lane of traffic, thereby causing him to lose control and hit the median. Franklin also asserted that the negligence of the unknown person, together with Shipp's negligence, was the sole and proximate cause of Shipp's damages, if any. Additionally, Franklin reserved the right to have the negligence of a nonparty assessed pursuant to Ark. Code Ann. § 16-55-202 (Repl. 2005).

After learning the identity of the unknown driver, Franklin filed a third-party complaint against Sarah Sanders ("Sanders"), alleging that she was operating the red automobile and that her negligence caused Franklin to lose control of his vehicle, which ultimately caused the collision between Franklin and Shipp. Pursuant to the Arkansas Contribution Among Tortfeasors Act, codified at Ark. Code Ann. §§ 16-61-201 through 16-61-212 (Repl. 2005), Franklin asserted that if he were assessed with liability for the collision, he would be entitled to judgment over and against Sanders for contribution and indemnity. Sanders filed an answer to the third-party complaint, asserting that Franklin was liable and responsible for the collision. Shipp filed an amended complaint, praying that the circuit court grant her judgment against Franklin and Sanders "jointly and severally or against either one of them by themselves depending upon the percentage of fault that is ultimately determined by the trier of fact in accordance with the laws of the state of Arkansas." Prior to trial, Shipp entered into a settlement agreement with Sanders, and, based upon that settlement, the circuit court dismissed Shipp's amended complaint against Sanders with prejudice. Still pending, however, was Franklin's third-party complaint against Sanders.

At a pretrial hearing, Shipp argued that the Civil Justice Reform Act of 2003 was unconstitutional in that it violated Amendment 80 to the Arkansas Constitution because the legislature had infringed upon the powers of the Arkansas Supreme Court to set rules of procedure. More specifically, Shipp claimed that sections 16-55-201 and 16-55-212 of the Civil Justice Reform Act changed the collateral-source rule, as well as the rules pertaining to joint and several liability. The circuit court declined to hold the challenged provisions unconstitutional, stating that "the Supreme Court has [seen] fit not to modify or change . . . the Civil Justice Reform Act," despite its authority under amendment 80 to "prescribe the rules of pleading, practice, and procedure for all courts."

On August 15, 2006, the circuit court entered a judgment reflecting the jury's verdict finding Sanders to be 100% at fault. Shipp now appeals, challenging the circuit court's ruling on the constitutionality of sections 16-55-201 and 16-55-212. Shipp asserts that this appeal involves the interpretation or construction of the Constitution of Arkansas; an issue of first impression; a significant issue needing clarification or development of the law, or overruling of precedent; and one involving substantial questions of law concerning the validity, construction, or interpretation of an act of the General Assembly, ordinance of a municipality or county, or a rule or regulation of any court, administrative agency, or regulatory body. Our jurisdiction is therefore proper pursuant to Ark. Sup. Ct. R. 1-2(a)(1) and (b)(1), (5), & (6) (2007).

It is well settled that there is a presumption of validity attending every consideration of a statute's constitutionality; every act carries a strong presumption of constitutionality, and before an act will be held unconstitutional, the incompatibility between it and the constitution must be clear. *Summerville v. Thrower*, 369 Ark. 231, 253 S.W.3d 415 (2007). Any doubt as to the constitutionality of a statute must be resolved in favor of its constitutionality. *Id.* The heavy burden of demonstrating the unconstitutionality is upon the one attacking it. *Id.*

If possible, we will construe a statute so that it is constitutional. *Summerville v. Thrower, supra.* This court reviews the circuit court's interpretation of the constitution de novo, and though this court is not bound by the circuit court's decision, the circuit court's interpretation will be accepted as correct on appeal in the absence of a showing that the circuit court erred. *Id.*

For her sole point on appeal, Shipp contends that the circuit court erred in refusing to declare that the General Assembly's enactment of the Civil Justice Reform Act unconstitutionally infringed upon the authority of this court to establish rules of procedure. In support of her argument, Shipp cites section 3 of amendment 80 to the Arkansas Constitution, which states that "[t]he Supreme Court shall prescribe the rules of pleading, practice and procedure for all courts; provided these rules shall not abridge, enlarge or modify any substantive right and shall preserve the right of trial by jury as declared in this Constitution." Ark. Const. amend. 80, § 3. Shipp contends that, because amendment 80 mandates that this court prescribe the rules of procedure for all Arkansas courts, the legislature may not enact any law that would infringe upon those powers conferred upon the judiciary to

promulgate rules of procedure. Thus, according to Shipp, the enactment of such a law would violate the separation-of-powers doctrine as reflected in the Arkansas Constitution:

> The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: Those which are legislative, to one, those which are executive, to another, and those which are judicial, to another.

> No person or collection of persons, being of one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.

Ark. Const. art. 4, §§ 1, 2.

With that framework in mind, we now turn to Shipp's argument that the Civil Justice Reform Act is unconstitutional in that it is in conflict with procedural rules governing benefits from collateral sources and joint and several liability. The collateral-source rule is a general rule providing that recoveries from collateral sources do not redound to the benefit of the tortfeasor, even though double recovery for the same damage by the injured party may result. *Bell v. Estate of Bell*, 318 Ark. 483, 885 S.W.2d 877 (1994); *Amos v. Stroud*, 252 Ark. 1100, 482 S.W.2d 592 (1972). The collateral-source rule applies unless the evidence of the benefits from the collateral source is relevant for a purpose other than the mitigation of damages. *Montgomery Ward & Co. v. Anderson*, 334 Ark. 561, 976 S.W.2d 382 (1998). This court has held that gratuitous or discounted medical services are a collateral source that are not to be considered in assessing the damages due a personal-injury plaintiff. *Id.*

Shipp challenges Ark. Code Ann. § 16-55-212, the compensatory-damages statute, which provides in relevant part that "[a]ny evidence of damages for the costs of any necessary medical care, treatment, or services received shall include only those costs actually paid by or on behalf of the plaintiff or which remain unpaid and for which the plaintiff or any third party shall be legally responsible." Ark. Code Ann. § 16-55-212(b) (Repl. 2005). Specifically, Shipp contends that the statute excludes evidence of the full value of medical services, in direct conflict with the collateral-source rule. She asserts that the entire amount of her medical bills was $44,497.19; whereas, under section 16-55-212, the jury would only be able to base its verdict upon medical bills in the amount of $16,478.64.

Likewise, in her argument pertaining to the constitutionality of Ark. Code Ann. § 16-55-201, Shipp suggests that the statute invades the power of this court to set rules of procedure as it pertains to the modification of joint and several liability. Section 16-55-201 states,

(a) In any action for personal injury, medical injury, property damage, or wrongful death, the liability of each defendant for compensatory or punitive damages *shall be several only and shall not be joint.*

(b)(1) Each defendant shall be liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault.

(2) A separate several judgment shall be rendered against that defendant for that amount.

(c)(1) To determine the amount of judgment to be entered against each defendant, the court shall multiply the total amount of damages recoverable by the plaintiff with regard to each defendant by the percentage of each defendant's fault.

(2) That amount shall be the maximum recoverable against that defendant.

Ark. Code Ann. § 16-55-201 (Repl. 2005) (emphasis added). For support, Shipp relies upon this court's decision in *McGraw v. Weeks*, 326 Ark. 285, 930 S.W.2d 365 (1996), for the proposition that joint and several liability is measured by impact, and where there is a single injury, it does not matter whether the individual acts alone would not have caused the entire result. Similarly, Arkansas Code Annotated § 16-61-201 states that "[f]or the purpose of this subchapter the term 'joint tortfeasors' means two (2) or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." Ark. Code Ann. § 16-61-201 (Repl. 2005). According to Shipp, the enactment of section 16-55-201 limits this court's ability to make rules of procedure and limits the victim's ability to recover the total amount of damages. As a threshold matter, we must determine whether the issues before us are moot. As a general rule, the appellate courts of this state will not review issues that are moot. *State v. Fudge*, 361 Ark. 412, 206 S.W.3d 850 (2005). To do so would be to render advisory opinions, which we will

not do. *Id.* A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Nathaniel v. Forrest City Sch. Dist. No. 7*, 300 Ark. 513, 780 S.W.2d 539 (1989). There are exceptions to the mootness doctrine for cases that are capable of repetition yet evading review, being cases in which the justiciable controversy will necessarily expire or terminate prior to adjudication. *Wright v. Keffer*, 319 Ark. 201, 890 S.W.2d 271 (1995). Examples of such cases are abortion-law challenges, election-procedure cases, and cases involving various court procedures. *Id.* This court has long held that it will not pass upon constitutional questions if the litigation can be determined without doing so. *Quinn v. Webb Wheel Prods.*, 334 Ark. 573, 976 S.W.2d 386 (1998).

We must conclude that our court's review of the constitutional questions raised in this appeal will have no practical effect upon the case. The jury returned its verdict in the case, indicating that Sanders was 100% at fault. Thus, no liability was assessed against Shipp or Franklin. Due to this finding, the modification of joint and several liability in section 16-55-201 is not applicable because two or more persons were not found to be liable in tort for Shipp's injuries. Moreover, the circuit court's order of dismissal with prejudice indicates that Shipp and Sanders have settled and compromised their differences. As a result, Shipp may not recover any damages from Franklin, as she has already settled with Sanders, the party assessed with 100% of the liability. In the absence of any recovery based upon medical bills, the compensatory-damages provision, Ark. Code Ann. § 16-55-212, is no longer relevant.

A moot case presents no justiciable issue for determination by the court. *Martin Farm Enters., Inc. v. Hayes*, 320 Ark. 205, 895 S.W.2d 535 (1995). Furthermore, we have held that courts do not sit for the purpose of determining speculative and abstract questions of law or laying down rules for future conduct. *Tsann Kuen Enters. Co. v. Campbell*, 355 Ark. 110, 129 S.W.3d 822 (2003). If we were to address Shipp's constitutional arguments with regard to sections 16-55-201 and 16-55-212, we would be issuing an advisory opinion. This we will not do. Accordingly, we conclude that because the litigation in this case has been resolved as it pertained to the named parties, and because neither party stands to lose or gain financially based upon the outcome of this appeal, we decline on grounds of mootness to address the merits of Shipp's sole point on appeal.

Affirmed.