Cite as 2020 Ark. 265

# SUPREME COURT OF ARKANSAS
No. CV-20-454

| | |
|---|---|
| | Opinion Delivered: August 27, 2020 |
| ARKANSAS VOTERS FIRST, A BALLOT QUESTION COMMITTEE; BONNIE MILLER, INDIVIDUALLY AND ON BEHALF OF ARKANSAS VOTERS FIRST; AND OPEN PRIMARIES ARKANSAS, A BALLOT QUESTION COMMITTEE <br><br>PETITIONERS | AN ORIGINAL ACTION IN THE SUPREME COURT OF ARKANSAS |
| V. | |
| JOHN THURSTON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE; THE STATE BOARD OF ELECTION COMMISSIONERS <br><br>RESPONDENTS | |
| ARKANSANS FOR TRANSPARENCY, A BALLOT QUESTION COMMITTEE; AND JONELLE FULMER, INDIVIDUALLY AND ON BEHALF OF ARKANSANS FOR TRANSPARENCY <br><br>INTERVENORS | PETITION DISMISSED AS MOOT IN PART. |

**RHONDA K. WOOD, Associate Justice**

The Secretary of State notified petitioners that their two proposed constitutional amendments lacked enough signatures for placement on the ballot this November. Initially, the Secretary rejected the amendments because petitioners failed to verify that

their paid canvassers had passed criminal-background checks. Instead, petitioners submitted an affidavit stating that "criminal background check[s] have been timely acquired." The Secretary concluded that this affidavit fell short of statutory requirements.

Petitioners filed this original action against the Secretary as a result. After the petition had been filed, the State Board of Election Commissioners reviewed the popular name and ballot title for the present "open primary" amendment. The Board rejected both as misleading and refused to certify the amendment for placement on the ballot. Petitioners then filed a separate count against the Board. Petitioners alleged that the Board's decision was erroneous and, in any event, the legal regime whereby the Board certifies ballot titles was unconstitutional. We agreed to bifurcate the proceedings between counts 1 and 2 (criminal-background affidavit and signature issues) and this count 3 (popular name and ballot-title issues). *See Miller v. Thurston*, CV-20-454 (Ark. July 28, 2020).

Today, we concluded in a companion case that the criminal-background affidavit was fatally flawed for both proposed amendments. *Miller v. Thurston*, 2020 Ark. 267. Neither amendment has enough signatures for ballot placement. So even if we agreed that the Board's decision was incorrect or that the statutory review regime was unconstitutional, the proposed open-primary amendment would fail. The issues in Count 3 are therefore moot because our judgment would have no practical legal effect on an existing controversy. *See Shipp v. Franklin*, 370 Ark. 262, 267, 258 S.W.3d 744, 748 (2007). We will not address moot issues or issue advisory, academic opinions. *Zook v. Martin*, 2018 Ark. 304, at 2. We dismiss count 3 of the petition as moot.

Petition dismissed as moot in part.

Mandate to issue immediately.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** For the reasons stated in my dissent with regard to counts I and II of the above-referenced case, count III is not moot. Accordingly, this court should address the constitutionality question. Put simply, the decision by the State Board of Election Commissioners (SBEC) to disqualify the ballot initiative exceeds its constitutional authority.

Today's decision allows a non-elected board of political appointees to annul the first power retained by the citizens of this state in our constitution. Ark. Const. Art. 5, § 1.

As the petitioners note, the plain language of Amendment 7 provides that the ballot title approval process is ministerial in nature subject to a decision by the Arkansas Supreme Court if it is challenged in an original action. Our constitution states:

> **Title.** At the time of filing petitions the exact title to be used on the ballot shall by the petitioners be submitted with the petition, and on state- wide measures, shall be submitted to the State Board of Election Commissioners, who shall certify such title to the Secretary of State, to be placed upon the ballot; on county and municipal measures such title shall be submitted to the county election board and shall by said board be placed upon the ballot in such county or municipal election.

Ark. Const. art. 5, § 1. Amendment 7 does not give SBEC the authority to review a ballot title for sufficiency. The "sufficiency" of the petition, including the ballot title and popular name, is "a matter of law to be decided by this court. *Bailey v. McCuen*, 318 Ark. 277, 284, 884 S.W.2d 938, 942 (1994). We have original and exclusive jurisdiction" over the

3

sufficiency of statewide petitions. *Id.* Under the separation-of-powers doctrine in our constitution, the legislature does not have authority to cede our authority to decide such issues to a quasi-executive agency acting in a quasi-judicial capacity.

I dissent.

*Steel, Wright, Gray, PLLC*, by: *Ryan Owsley*, *Nate Steel*, *Alex Gray*, and *Alec Gaines*, for petitioners.

*Gary L. Sullivan*, Managing Attorney, for respondent John Thurston in his official capacity as Secretary of State.

*Leslie Rutledge*, Att'y Gen., by: *Nicholas J. Bronni*, Ark. Solicitor Gen.; *Vincent M. Wagner*, Dep. Solicitor Gen.; and *Dylan L. Jacobs*, Ass't Solicitor Gen., for respondent Arkansas State Board of Election Commissioners.

*Kelly Law Firm, PLC*, by: *AJ Kelly*; and *Wright Lindsey & Jennings LLP*, by: *Scott A. Irby* and *Gary D. Marts, Jr.*, for intervenors.