Cite as 2020 Ark. 279

# SUPREME COURT OF ARKANSAS

No. CV-20-145

|  |  |
|---|---|
|  | **Opinion Delivered:** September 17, 2020 |
| CITIZENS FOR A BETTER POPE COUNTY, A LOCAL OPTION BALLOT QUESTION COMMITTEE; AND JAMES KNIGHT, IN HIS INDIVIDUAL CAPACITY | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58CV-19-439] |
| APPELLANTS | HONORABLE BILL PEARSON, JUDGE |
| V. | <u>APPEAL DISMISSED AS MOOT</u>. |
| BEN CROSS, IN HIS OFFICIAL CAPACITY AS COUNTY JUDGE OF POPE COUNTY, ARKANSAS; PHILLIP HANEY, CALEB MOORE, TIM WHITTENBURG, REUBEN BROWN, JACKIE HEFLIN, JAMIE JACKSON, BLAKE TARPLEY, DOUG SKELTON, BILL SPARKS, JAMES KUSTURIN, RAY BLACK, JOSEPH PEARSON, AND ERNIE ENCHELMAYER, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE QUORUM COURT OF POPE COUNTY, ARKANSAS |  |
| APPELLEES |  |
| CHEROKEE NATION BUSINESSES, LLC |  |
| INTERVENOR |  |

**PER CURIAM**

Intervenor Cherokee Nation Businesses, LLC, and appellees have filed a joint motion to dismiss the appeal by Citizens for a Better Pope County (Citizens), a local option ballot question committee, and James Knight, in his individual capacity. In their motion, appellees argue the claims set forth in Citizens' appeal are moot. We agree and dismiss Citizens' appeal as moot.

In November 2018, voters adopted amendment 100 of the Arkansas Constitution, which authorized casinos and casino gambling. Section 4 of amendment 100 designated the Arkansas Racing Commission (ARC) to administer the licensing process for a casino to be located in Pope County. Among the requirements set forth in amendment 100, casino applicants in Pope County must submit either a letter of support from the county judge or a resolution of support from the quorum court. During the same November 2018 general election, Pope County residents approved Ordinance 2018-O-42. Pope Cnty., Ark., Ordinance 2018-O-42 (Nov. 14, 2018). This ordinance required that an election be held in Pope County before either the county judge or the quorum court could issue their support for an applicant.

On August 13, 2019, the Pope County Quorum Court adopted Resolution 2019-R-014, a resolution in support of intervenor's casino license application. As a result of the quorum court's resolution, Citizens sought declaratory and injunctive relief in the Pope County Circuit Court. Specifically, Citizens requested an order prohibiting the county judge and the quorum court from taking any official action to express approval of a casino applicant without first presenting the issue to voters in an election, as required by

2

Ordinance 2018-O-42. In its amended petition filed on September 4, Citizens further sought an order declaring that amendment 100 unconstitutionally conflicts with amendment 14 of the Arkansas Constitution, and an order declaring that Pope County officials violated the Arkansas Freedom of Information Act (FOIA) by meeting secretly to consider Resolution 2019-R-014.

On October 9, intervenor and appellees joined to file a motion to dismiss pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. The circuit court scheduled a hearing on the motion to dismiss for October 29. The day before the hearing, the quorum court adopted an emergency ordinance that repealed Ordinance 2018-O-42. At the hearing, Citizens moved to supplement its pleadings, pursuant to Rule 15 of the Arkansas Rules of Civil Procedure, based on the emergency ordinance. The circuit court denied the motion to supplement. After hearing arguments from both parties, the circuit court denied declaratory relief, concluding that Ordinance 2018-O-42 unconstitutionally conflicted with amendment 100. In addition, the court held the request for a writ of mandamus was moot and dismissed Citizens' FOIA claim under Rule 12(b)(6).

On appeal, Citizens requests that this court reverse the circuit court's finding regarding the constitutionality of Ordinance 2018-O-42 and the dismissal of its FOIA claim. Additionally, Citizens argues the court erred in denying its motion to supplement the pleadings. In response, intervenor and appellees filed a joint motion to dismiss asserting that every claim in Citizens' appeal is moot following the repeal of Ordinance 2018-O-42.

As a general rule, this court will not review issues that are moot. *Shipp v. Franklin*, 370 Ark. 262, 258 S.W.3d 744 (2007). To do so would be to render advisory opinions, which this court will not do. *Id*. A case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id*. There are two exceptions to the mootness doctrine: (1) cases that are capable of repetition yet evade review; and (2) issues that raise considerations of substantial public interest which, if addressed, might prevent future litigation. *Bank of Am., N.A. v. Brown*, 2011 Ark. 446.

The Pope County Quorum Court passed Emergency Ordinance 2019-O-061 on October 28, 2019, which, pursuant to Ark. Code Ann. § 14-14-908, repealed Ordinance 2018-O-42 effective immediately. As required by the constitution, the emergency ordinance was approved by a vote exceeding two-thirds of the quorum court. *See* Ark. Const. art. 5, § 1 (providing that voter-approved measures may only be repealed by a two-thirds vote of the appropriate legislative body). Following the repeal of the election ordinance and the circuit court's dismissal of Citizens' petition, the Pope County judge reaffirmed the support for intervenor's casino application in a letter dated November 12, 2019. Citizens now seeks to restrain the county judge and the quorum court from offering their support for intervenor's application based on Ordinance 2018-O-42 being in effect and constitutional. However, even if this court were to rule on the ordinance's constitutionality, it would have no practical legal effect because the ordinance has been repealed.

Likewise, Citizens' FOIA claim presents no justiciable issue for this court to determine. *Martin Farm Enters. v. Hayes*, 320 Ark. 205, 895 S.W.2d 535 (1995). In its

4

petition, Citizens requested only that the quorum court's resolution of support be declared legally invalid. Consequently, this court's ruling on the resolution would have no practical legal effect because the county judge's letter of support still satisfies the requirements of amendment 100.

In its final point on appeal, Citizens argues the circuit court erred in denying its Rule 15 motion to supplement the pleadings. Based on this error, Citizens requests that we reverse the circuit court's decision to proceed with the hearing without amending or supplementing the pleadings. Citizens' underlying claims are based on the effectiveness of Ordinance 2018-O-42. Because these claims are now moot, ruling on the Rule 15 issue would have no effect on the outcome.

Citizens also asserts this case meets both exceptions to the mootness doctrine. Citizens argues that by repealing Ordinance 2018-O-42, the constitutionality of the ordinance evades review by this court. Further, Citizens claims the extent and reach of the local control language in amendment 100 is a matter of substantial public interest. This court has previously held that neither exception to the mootness doctrine applies when the ordinance at issue has been repealed. *See City of Clinton v. S. Paramedic Servs.*, 2012 Ark. 88, at 10, 387 S.W.3d 137, 142 ("We are convinced that any opinion handed down by this court based on repealed ordinances . . . would simply be an advisory opinion. Although the parties stipulated that the issue could be repeated, the fact remains that the ordinances have been repealed . . . ."). It is simply too speculative to assume the county will adopt an

ordinance in the future that resembles the one that was just repealed. Accordingly, we find that neither exception to the mootness doctrine applies in this case.

Due to the Pope County Quorum Court's repeal of Ordinance 2018-O-42, our judgment on Citizens' claims would have no practical effect on an existing legal controversy. We will not address moot issues or issue advisory, academic opinions. *Ark. Voters First v. Thurston*, 2020 Ark. 265.

Appeal dismissed as moot.

Special Justice JIM SPEARS concurs.

KEMP, C.J., and HART, J., not participating.

*Jerry L. Malone*, for appellants.

*Daily & Woods, PLLC*, by: *Colby T. Roe*, for appellees.

*McDaniel, Wolff & Benca, PLLC*, by: *Bart W. Calhoun*, *Scott Richardson*, and *Dustin McDaniel*, for intervenor.