Cite as 2021 Ark. App. 322

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CV-20-370

| | |
|---|---|
| CHERYL RINGO <br><br> APPELLANT <br><br> V. <br><br> SHARON TAYLOR <br><br> APPELLEE | **Opinion Delivered** September 8, 2021 <br><br> APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT [NO. 32CV-13-278] <br><br><br> HONORABLE TIM WEAVER, JUDGE <br><br> DISMISSED |

## RITA W. GRUBER, Judge

Cheryl Ringo, record title owner to a .09-acre triangular piece of land, appeals from an order of the Independence County Circuit Court quieting title to the property in Sharon and Gary Taylor.[1] The circuit court found that the Taylors had acquired title by adverse possession and also by boundary by acquiescence. Ms. Ringo challenges the circuit court's order and alleges that the Taylors' claims are barred by the statute of limitations; that they failed to establish actual possession, notice, and exclusive possession on their claim of adverse possession; and that the court erred in finding boundary by acquiescence because the parties' properties were not adjoining and there was no mutual assent to the boundary. Because the issues raised are moot, we dismiss the appeal.

---

[1]Upon notice of Gary Taylor's death, we substituted Sharon Taylor as sole appellee.

The Taylors have owned property north of Ms. Ringo's property since 1971. Ms. Ringo purchased her property south of the Taylors in 2006. The disputed strip of land is bordered on the south by a well-maintained fence with a gate in one corner. The strip is bordered on the north by a gravel road called Tiffany Lane. Record title to the disputed strip of land lies with Ms. Ringo; the Taylors' property lies to the north of Tiffany Lane and the disputed strip of land; and Ms. Ringo owns the property to the south of the disputed strip.

Ms. Ringo began using the gate at the north end of her property in 2010. The Taylors filed a complaint against Ms. Ringo in 2013 to quiet title in the disputed strip of land. Ms. Ringo filed counterclaims for trespass and outrage and a third-party complaint for breach of contract against First Community Bank, which warranted title to the property.[2] On August 29, 2014, the circuit court entered an order finding that the Taylors had established their claim for adverse possession of the disputed property because their possession had been actual, open, visible, notorious, peaceful, continuous, undisturbed, and undisputed for more than forty years. The court also found that a boundary by acquiescence had been proved by virtue of a tacit agreement between the Taylors and their predecessors in title and Ms. Ringo and her predecessors in title recognizing the fence as a dividing line between their respective tracts. We dismissed Ms. Ringo's appeal from that order because we lacked jurisdiction over the nonfinal order.

---

[2]First Community Bank was the custodian for Jerry Malone's IRA, which owned the property.

After the case returned to the circuit court, it dismissed Ms. Ringo's counterclaims against the Taylors. Ms. Ringo also filed a motion for summary judgment against First Community Bank on her third-party complaint for breach of contract. Ms. Ringo requested damages of approximately $35,000, including $23,000 for the loss in market value of her property with the remainder of damages attributed to costs and attorney's fees. On February 12, 2020, the circuit court entered a consent judgment reflecting an agreement between Ms. Ringo and First Community Bank, which provided that the parties had agreed Ms. Ringo should have judgment in the amount of $10,752.37 on her third-party complaint, specifically allocated as follows: (1) $8150 for attorney's fees; (2) $606.70 for court costs; (3) $1500 for the appraisal; and (4) "fair market value in the amount of $501.67 for the loss of Real Property." On March 4, 2020, Ms. Ringo filed a satisfaction of judgment with the court stating that the consent judgment had been "fully satisfied." Ms. Ringo filed a notice of appeal on March 10, 2020, appealing the court's order of August 29, 2014.

She contends on appeal that the court erred in finding that the Taylors established either adverse possession or boundary by acquiescence and that both claims were barred by the statute of limitations. We cannot reach the merits of Ms. Ringo's claims, however, because they are moot. As a general rule, the appellate courts of this state will not review issues that are moot. *State v. Fudge*, 361 Ark. 412, 206 S.W.3d 850 (2005). Under Arkansas law, a case becomes moot when any judgment rendered would have no practical effect on an existing legal controversy. *Shipp v. Franklin*, 370 Ark. 262, 266, 258 S.W.3d 744, 748 (2007). Here, there is no existing legal controversy because Ms. Ringo entered into an agreement with First Community Bank to resolve her claim for the property, the court

3

entered a consent judgment reflecting that agreement, and Ms. Ringo filed a satisfaction of judgment. Thus, she has settled the issue of the loss of the disputed tract, which renders this appeal moot.

Ms. Ringo cannot now pursue an appeal of the quiet-title action in an attempt to retain the property. She chose instead to pursue the remedy of damages for the value of the property. She entered into a settlement agreeing to the value of the contested property, and those damages were approved by the court in its consent judgment. Subsequently, a satisfaction of judgment was filed with the court stating that the consent judgment had been "fully satisfied." She may not now pursue an appeal to obtain the property when she has received the value of the contested land. Therefore, we dismiss the case as moot. In light of our disposition, we also dismiss the motion to strike portions of the reply brief.

Dismissed.

HARRISON, C.J., and MURPHY, J., agree.

*Parker Law Firm, PLLC*, by: *Stephen C. Parker, Jr.*, for appellant.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellee.