## MEDICAL LIABILITY MUTUAL INSURANCE COMPANY *v.* ALAN CURTIS ENTERPRISES, INC.; Alan Curtis , LLC; and Evergreene Properties of North Carolina LLC, d/b/a Crestpark Inn of Forrest City

07-991                                                        264 S.W.3d 545

Supreme Court of Arkansas
Opinion delivered October 4, 2007

PER CURIAM. In accordance with § 2(D)(3) of amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, Judge Garnett Thomas Eisele of the United States District Court for the Eastern District of Arkansas has by proper motion and certifying order filed a motion and certifying order with our clerk on September 26, 2007. The certifying court requests that our court answer one question of law which may be determinative of a cause now pending in the certifying court, and it appears to the certifying court that there is no controlling precedent in the decisions of the Arkansas Supreme Court. The law in question involves whether an insurer may, after it is determined by declaratory judgment that the insurer owes no further duty to defend or to pay any judgment that results from claims asserted in a lawsuit against its insured relying on a reservation of rights letter and recoup its costs, including attorney's fees, expended on its insured's behalf to provide a defense of the lawsuit.

After a review of the certifying court's analysis and explanation of the need for this court to answer the question of law

presently pending in that court, we accept certification of the following question: After it is determined by declaratory judgment that the insurer, Medical Liability Mutual Life Insurance Company (MLMLIC) owes no further duty to defend or to pay any judgment that results from claims asserted in a lawsuit against its insured, may MLMLIC, relying on a reservation of rights letter, recoup its costs, including attorney's fees, expended on its behalf to provide a defense of the lawsuit?

This per curiam order constitutes notice of our acceptance of the certification of question of law. For purposes of the pending proceeding in the Supreme Court, the following requirements are imposed:

A. Time limits under Rule 4–4 will be calculated from the date of this *per curiam* order accepting certification. The plaintiff in the underlying action, Medical Liability Mutual Insurance Company, is designated the moving party and will be denoted as the "Petitioner," and its brief is due thirty days from the date of this *per curiam*; the defendants, Alan Curtis Enterprises, Inc., Alan Curtis, LLC, and Evergreene Properties of North Carolina LLC, d/b/a Crestpark Inn of Forrest City, shall be denoted as the "Respondents," and their brief shall be due thirty days after the filing of Petitioner's brief. Petitioner may file a reply brief within fifteen days after Respondents' brief is filed.

B. The briefs shall comply with this court's rules as in other cases except for the brief's content. Only the following items required in Rule 4–2(a) shall be included:

(3) Point of appeal which shall correspond to the certified question of law to be answered in the federal district court's certification order.

(4) Table of authorities.

(6) Statement of the case which shall correspond to the facts relevant to the certified question of law as stated in the federal district court's certification order.

(7) Argument.

(8) Addendum, if necessary and appropriate.

(9) Cover for briefs.

C.  Oral argument will only be permitted if this court concludes that it will be helpful for presentation of the issue.

D.  Rule 4-6 with respect to *amicus curiae* briefs will apply.

E.  This matter will be processed as any case on appeal.

F.  Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioner and Respondents.

Request granted.