Darrell JOHNSON and A. Jan Thomas, Jr., Bankruptcy Trustee
in the Matter of Darrell W. Johnson and Janet K. Johnson, Debtors
*v.* ROCKWELL AUTOMATION, INC.; Consolidated Electrical
Distributors, Inc. d/b/a Keathley-Patterson Electric;
and John Does 1-5

08-1009                                                      286 S.W.3d 726

Supreme Court of Arkansas
Opinion delivered September 11, 2008

Per Curiam. In accordance with section 2(D)(3) of Amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, Judge T. Leon Holmes of the United States District Court for the Eastern District of Arkansas filed a certifying order with our clerk on August 25, 2008. The certifying court requests that we answer two questions of Arkansas law that may be determinative of a cause now pending in the certifying court, and it appears to the certifying court that there is no controlling precedent in the decisions of the Arkansas Supreme Court. The law in question involves whether certain provisions of Act 649 of 2003, entitled the Civil Justice Reform Act of 2003 and codified at Arkansas Code Annotated sections 16-55-201 to -220 (Repl. 2005 & Supp. 2007), violate the Arkansas Constitution, as more specifically set forth below.

After a review of the certifying court's explanation of the need for this court to answer the questions of law presently pending in that court, we accept certification of the following two questions:

1. Under the facts of this case, whether the provisions of Act 649 of 2003, including but not limited to those codified at Arkansas Code Annotated section 16-55-202, that allow a fact-finder to consider or assess the negligence or fault of nonparties, violate the Arkansas Constitution, when considered along with the modification of "joint and several" liability in the same act, as codified at Arkansas Code Annotated section 16-55-201.

2. Under the facts of this case, whether the provisions of Act 649 of 2003, including but not limited to those codified at Arkansas Code Annotated section 16-55-212(b), that address evidence of damages for the costs of necessary medical care, treatment, or services, violate the Arkansas Constitution.

This per curiam order constitutes notice of our acceptance of the certification of the questions of law. For purposes of the pending proceeding in the supreme court, the following requirements are imposed:

A. Time limits under Arkansas Supreme Court Rule 4-4 will be calculated from the date of this per curiam order accepting certification. The plaintiffs in the underlying action, Darrell Johnson and A. Jan Thomas, Jr., Bankruptcy Trustee in the Matter of Darrell W. Johnson and Janet K. Johnson, are designated the moving parties and will be denoted as the "Petitioners," and their brief is due thirty days from the date of this per curiam; the defendants, Rockwell Automation, Inc., Consolidated Electrical Distributors, Inc. d/b/a Keathley-Patterson Electric, and John Does 1-5, shall be denoted as the "Respondents," and their brief shall be due thirty days after the filing of Petitioners' brief. Petitioners may file a reply brief within fifteen days after Respondents' brief is filed.

B. The briefs shall comply with this court's rules as in other cases except for the briefs' content. Only the following items required in Arkansas Supreme Court Rule 4-2(a) shall be included:

(3) Points on appeal, which shall correspond to the certified questions of law to be answered in the federal district court's certification order.

(4) Table of authorities.

(6) Statement of the case, which shall correspond to the facts relevant to the certified questions of law as stated in the federal district court's certification order.

(7) Argument.

(8) Addendum, if necessary and appropriate.

(9) Cover for briefs.

C. Oral argument will only be permitted if this court concludes that it will be helpful for presentation of the issue.

D. Arkansas Supreme Court Rule 4-6 with respect to amicus curiae briefs will apply.

E. This matter will be processed as any case on appeal.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioners and Respondents.

Request granted.

GLAZE, J., not participating.