2009 Ark. 241

**Darrell JOHNSON & A. Jan Thomas, Jr., Bankruptcy Trustee in the Matter of Darrell W. Johnson and Janet K. Johnson, Debtors, Petitioners,**

v.

**ROCKWELL AUTOMATION, INC.; Consolidated Electrical Distributors, Inc., d/b/a Keathley–Patterson Electric; & John Does 1–5, Respondents.**

No. 08–1009.

Supreme Court of Arkansas.

April 30, 2009.

McMath Woods, P.A., by: James Bruce McMath, Little Rock, and Neil Chamberlin, Jacksonville, for petitioners.

Watts, Donovan & Tilley, P.A., by: David M. Donovan and Staci Dumas Carson, Little Rock, for respondents.

Jeffrey R. White, Center for Constitutional Litigation, P.C., and Ralph Cloar, for amicus curiae American Association for Justice.

Shook, Hardy & Bacon, L.L.P., by: Mark A. Behrens, and Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., by: M. Samuel Jones, III, Little Rock, for amici curiae American Tort Reform Association, Chamber of Commerce of the United States of America, National Association of Manufacturers, American Insurance Association, Property Casualty Insurers Association of America, National Association of Mutual Insurance Companies, American Chemistry Council, American Petroleum Institute, American Health Care Association and the National Center for Assisted Living, Pharmaceutical Research and Manufacturers of America, American Trucking Associations, and Association of American Railroads.

Wilkes & McHugh, P.A., by: Susan Nichols Estes and David L. Eanes, Jr., Little Rock, for amicus curiae Arkansas Advocates for Nursing Home Residents.

Brian G. Brooks, for amicus curiae Arkansas Trial Lawyers Association.

Bassett Law Firm, by: Woody Bassett, Fayetteville; Atchley, Russell, Waldrop & Hlavinka, LLP, by: Alan Harrel; Shackleford, Phillips, & Ratcliff, P.A., by: Dennis Shackleford, El Dorado; and Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., by: Nicholas Thompson, Little Rock, for amici curiae Meek Manufacturing Company, Inc.; Fed Ex Freight East,

Inc.; E.C. Barton & Company; Star Transportation; SeaArk Marine; Pinnacle Investments; Mitchell's Nursing Home; Yarnell's Ice Cream Co.; Cooper Tire & Rubber Company; The Committee to Save Arkansas Jobs, Inc.; and Arkansas Healthcare Association.

Law Office of David Couch, by: David A. Couch, for amicus curiae National Citizen's Coalition for Nursing Home Reform.

Leslie Brueckner, Public Justice, P.C., and Cauley Bowman Carney & Williams, PLLC, by: Hank Bates, Little Rock, for amicus curiae Public Justice, P.C.

### PAUL E. DANIELSON, Justice.

This case involves two questions of law certified to this court by the United States District Court for the Eastern District of Arkansas in accordance with Arkansas Supreme Court Rule 6–8 (2008) and accepted by this court on September 11, 2008. *See Johnson v. Rockwell Automation, Inc.,* 374 Ark. 217, 286 S.W.3d 726 (2008).

The questions certified are the following:

1. Under the facts of this case, whether the provisions of Act 649 of 2003, including, but not limited to those codified at Ark.Code Ann. § 16–55–202, that require[1] a fact finder to consider or assess the negligence or fault of nonparties, violate the Arkansas Constitution, when considered along with the modification of "joint and several" liability in the same act, codified at Ark.Code Ann. § 16–55–201.

2. Under the facts of this case, whether the provisions of Act 649 of 2003, including, but not limited to those codified at Ark.Code Ann. § 16–55–212(b), that addresses evidence of

damages for the costs of necessary medical care, treatment, or services, violate the Arkansas Constitution.

As to the first question, we conclude that the answer is yes, Ark.Code Ann. § 16–55–202 is unconstitutional. As to the second question, we conclude that the answer is yes, Ark.Code Ann. § 16–55–212(b) is unconstitutional.

According to the district court's order, the certified questions arise from a complaint filed by petitioner Darrell Johnson alleging that on or about February 24, 2004, Johnson was injured while working as a control systems mechanic for Eastman Chemical Company. The district court's order reveals the following facts. At the time of the incident, Johnson was working on a product referred to by Johnson and his coworkers as an Allen–Bradley "starter bucket." The starter bucket was designed, manufactured, and supplied to Eastman by the respondent Rockwell Automation, Inc.

Petitioners alleged before the district court that a safety interlock on the starter bucket was designed, manufactured, and supplied in a defective condition, allowing it to become electrically powered at a time it should have been prevented from doing so, which was an actual and proximate cause of the incident and Johnson's injuries. As a result, petitioners alleged that the respondents were strictly liable for Johnson's injuries; liable for negligently designing, manufacturing, and supplying the starter bucket; and liable for negligently failing to warn about the inherent risks in the design of the starter bucket. However, Rockwell averred that after the starter bucket was supplied to Eastman,

---

1. While the question was phrased by the parties and the district court using the word "allow" rather than "require," the statute itself uses the word "shall," clearly mandating the consideration of the fault of nonparties.

Eastman modified it without Rockwell's knowledge.

In its answer, Rockwell pled that the fault of all parties should be apportioned in accordance with the Civil Justice Reform Act of 2003 (Act 649 of 2003) (CJRA), codified at Ark.Code Ann. §§ 16–55–201 to 16–55–220 (Supp.2003), and, further, that it was entitled to "all defenses" available to it under the CJRA, including "restriction of liability to its percentage share of actual liability" and "the right to name nonparties at fault." Rockwell also filed a "Notice of Nonparty Fault," pursuant to Ark.Code Ann. § 16–55–202, designating Eastman as a nonparty at fault for a list of alleged reasons. Petitioners responded that the nonparty-fault provision, section 16–55–202 of the CJRA, violates the Arkansas Constitution under the facts of the case.

Petitioners maintained that Johnson received medical care, treatment, or services, which were necessary due to the incident and resulting injuries. While Johnson's employee medical plan paid the costs for the medical care, treatment, or services, the amount paid by the plan was less than the full amount of the costs incurred. Therefore, Petitioners sought to present evidence of the full amount of costs necessary for the medical care, treatment, or services received by Johnson, even though that amount was greater than the amount of costs actually paid by Johnson or on behalf of Johnson. However, Respondents sought to enforce the terms of section 16–55–212(b) of the CJRA, limiting the evidence to only those costs actually paid by or on behalf of Johnson or which remained unpaid and for which Johnson or any third party was legally responsible. Petitioners argued to the district court that such an interpretation and application of section 16–55–212(b) was a limitation on damages in violation of the Arkansas Constitution

and offended the separation-of-powers doctrine.

Petitioners and Respondents then filed a joint motion for certification of the above-stated questions to this court on August 11, 2008. On August 21, 2008, the district court granted the motion. We now turn to providing an answer to each of the certified questions.

It is well settled that there is a presumption of validity attending every consideration of a statute's constitutionality; every act carries a strong presumption of constitutionality, and before an act will be held unconstitutional, the incompatibility between it and the constitution must be clear. *See Shipp v. Franklin,* 370 Ark. 262, 258 S.W.3d 744 (2007). Any doubt as to the constitutionality of a statute must be resolved in favor of its constitutionality. *See id.* The heavy burden of demonstrating the unconstitutionality is upon the one attacking it. *See id.* Finally, when possible, we will construe a statute so that it is constitutional. *See id.*

In determining the constitutionality of the statutes, we look to the rules of statutory construction. When construing a statute, the basic rule is to give effect to the intent of the legislature. *See Rose v. Arkansas State Plant Bd.,* 363 Ark. 281, 213 S.W.3d 607 (2005). Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *See id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *See id.*

### I.   Ark.Code Ann. § 16–55–202

Petitioners argue that the nonparty-fault provision of the CJRA, codified at Ark. Code Ann. § 16–55–202, is unconstitutional

because: (1) it violates the due-process guarantees of article 2, § 8 of the Arkansas Constitution; (2) it violates article 5, § 32 and article 2, § 13 of the Arkansas Constitution by limiting recoveries and precluding complete recoveries for personal injuries; (3) it invades the Arkansas Supreme Court's constitutional grant of authority to establish the rules of pleading, practice, and procedure pursuant to amendment 80, § 3 of the Arkansas Constitution; and (4) it violates the separation-of-powers clause found in article 4, § 2 of the Arkansas Constitution. Respondents disagree with these arguments and aver that section 16–55–202 should be upheld as it is rationally related to a desirable and legitimate objective.

The nonparty-fault provision of the CJRA reads:

(a) In assessing percentages of fault, the fact finder shall consider the fault of all persons or entities who contributed to the alleged injury or death or damage to property, tangible or intangible, regardless of whether the person or entity was or could have been named as a party to the suit.

(b)(1) Negligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if the defending party gives notice that a nonparty was wholly or partially at fault not later than one hundred twenty (120) days prior to the date of trial.

(2) The notice shall be given by filing a pleading in the action designating the nonparty and setting forth the nonparty's name and last known address, or the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing the nonparty to be at fault.

(c)(1) Except as expressly stated in this section, nothing in this section shall eliminate or diminish any defenses or immunities which currently exist.

(2) Assessments of percentages of fault of nonparties shall be used only for accurately determining the percentage of fault of named parties.

(3) Where fault is assessed against nonparties, findings of fault shall not subject any nonparty to liability in any action or be introduced as evidence of liability in any action.

Ark.Code Ann. § 16–55–202.

We begin with petitioners' argument that the nonparty-fault provision invades the powers granted to the judiciary by the Arkansas Constitution in violation of article 4, § 2 and amendment 80, § 3 by adding to or varying the Arkansas Rules of Civil Procedure. Specifically, petitioners contend that the nonparty-fault provision effectively establishes a procedure that conflicts with our "rules of pleadings, practice and procedure." We agree, and we hold the provision unconstitutional.

Our state constitution has long recognized the importance of separation of powers. It reads, "[n]o person or collection of persons, being of one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted." Ark. Const. art. 4, § 2. Most importantly, amendment 80, § 3 to the Arkansas Constitution instructs that the Arkansas Supreme Court "shall prescribe the rules of pleading, practice and procedure for all courts."

We have previously struck down acts that conflicted with our procedure for commencing civil actions. In *Summerville v. Thrower*, 369 Ark. 231, 253 S.W.3d 415 (2007), this court struck down the statutory requirement to submit a reasonable-cause affidavit within thirty days of filing a

complaint as unconstitutional. Prior to *Summerville,* this court struck down as unconstitutional the sixty-day notice statute that governed actions for medical injury. *See Weidrick v. Arnold,* 310 Ark. 138, 835 S.W.2d 843 (1992). In *Weidrick,* we noted that the statute required a sixty-day notice to sue as a condition before commencing an action for medical injury. *See id.* This court reasoned in both cases that, "[w]e can think of few rules more basic to the civil process than a rule defining the means by which complaints are filed and actions commenced for a common law tort." *Summerville,* 369 Ark. at 239, 253 S.W.3d at 420 (citing *Weidrick,* 310 Ark. at 146, 835 S.W.2d at 847). We noted in *Summerville* that the legislation in that case, as well as the legislation in *Weidrick,* had added an encumbrance to commencing a cause of action that was not found in Ark. R. Civ. P. 3. *See Summerville, supra.*

As was the case in *Summerville* and *Weidrick,* the nonparty-fault provision in the instant case conflicts with our "rules of pleading, practice and procedure." While respondents assert that the nonparty-fault provision should be upheld because it does not directly conflict with our rules of procedure as the legislative requirements did in *Summerville* and *Weidrick,* we take this opportunity to note that so long as a legislative provision dictates procedure, that provision need not directly conflict with our procedural rules to be unconstitutional. This is because rules regarding pleading, practice, and procedure are solely the responsibility of this court. *See* Ark. Const. amend. 80, § 3.

Law is substantive when it is "[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of parties." *Summerville,* 369 Ark. at 237, 253 S.W.3d at 419–20 (citing *Black's Law Dictionary* 1443 (7th ed. 1999)). Procedural law is defined as "[t]he rules that

prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights or duties themselves." *Id.,* 253 S.W.3d at 420 (citing *Black's Law Dictionary* 1221 (7th ed. 1999)).

Clearly the law modifying joint and several liability, Ark.Code Ann. § 16–55–201, defines the right of a party, a defendant, and is substantive. However, after reviewing section 16–55–202, it is clear to this court that the legislature has, without regard to this court's "rules of pleading, practice and procedure," established its own procedure by which the fault of a nonparty shall be litigated. While respondents argued in oral argument that a defendant has always been able to "point to the empty chair," the "phantom defendant" established by section 16–55–202 is different. The nonparty-fault provision bypasses our "rules of pleading, practice and procedure" by setting up a procedure to determine the fault of a nonparty and mandating the consideration of that nonparty's fault in an effort to reduce a plaintiff's recovery.

Additionally, the plain language of the statute even instructs that "a pleading" be filed to meet the notice requirement. *See* Ark.Code Ann. § 16–55–202(b)(2). This is in direct conflict with our Ark. R. Civ. P. 7, which specifically sets forth the pleadings and instructs that "[n]o other pleadings shall be allowed." Because subsection (b) instructs when the negligence or fault of a nonparty shall be considered, subsection (a) falls as well, as it is dependent on (b).

Because the nonparty provision is procedural, it offends the principle of separation of powers and the powers specifically prescribed to this court by amendment 80. Accordingly, we hold that Ark.Code Ann. § 16–55–202 violates separation of powers under article 4, § 2, as well as amendment 80, § 3 of the Arkansas Constitution. Be-

cause we conclude the nonparty-fault provision is unconstitutional based on the stated grounds, we need not address the remaining constitutional challenges to this statute presented by the petitioners.

## II. Ark.Code Ann. § 16–55–212(b)

Petitioners also assert that the medical-costs provision of the CJRA, codified at Ark.Code Ann. § 16–55–212(b), violates the constitution because: (1) it prevents a plaintiff from recovering the full value of medical services in conflict with the collateral-source rule; (2) it violates the separation-of-powers clause found in article 4, § 2 and violates amendment 80, § 3 of the Arkansas Constitution; and (3) it limits the amount that can be recovered for injury to a plaintiff in violation of article 5, § 32 of the Arkansas Constitution. Respondents aver that the medical-costs provision does not conflict in any way with the collateral-source rule because it does not seek to introduce evidence that other payments were received for a plaintiff's medical bills; rather, they claim, it limits the reasonable value of a plaintiff's expenses to the amount actually paid or to be paid on a plaintiff's behalf. Further, Respondents contend that it does not limit recovery because it does not place a cap, or a dollar limitation, on the amount a plaintiff may recover.

The medical-costs provision of the CJRA reads:

> Any *evidence* of damages for the costs of any necessary medical care, treatment, or services received *shall include only* those costs actually paid by or on behalf of the plaintiff or which remain unpaid and for which the plaintiff or any third party shall be legally responsible.

Ark.Code Ann. § 16–55–212(b) (Supp.2003) (emphasis added).

It is undisputed that the rules of evidence are "rules of pleading, practice and procedure." Moreover, we have held that the rules of evidence are rules falling within this court's domain. *See Ricarte v. State,* 290 Ark. 100, 717 S.W.2d 488 (1986). Our review of the plain language of the medical-costs provision reveals that the instant statute promulgates a rule of evidence. Here, the provision clearly limits the evidence that may be introduced relating to the value of medical expenses to the amount of medical expenses paid or the amount to be paid by a plaintiff or on a plaintiff's behalf, thereby dictating what evidence is admissible. Because rules regarding the admissibility of evidence are within our province, we hold that the medical-costs provision also violates separation of powers under article 4, § 2 and amendment 80, § 3 of the Arkansas Constitution and, therefore, is unconstitutional.

Because we conclude that Ark.Code Ann. § 16–55–212(b) is unconstitutional based on the stated grounds, we do not address the remaining constitutional challenges to this statute presented by the petitioners.

Certified questions answered.