PAUL E. DANIELSON, Associate Justice 11 This case involves a question of law certified to this court by the United States District Court for the Eastern District of Arkansas in accordance with Arkansas Supreme Court Rule 6-8 and accepted by this court on September 17, 2015. See Mendoza v. WIS Int’l, Inc., 2015 Ark. 321. The certified question is: Under the facts of this case, does Arkansas Code Annotated section 27-37-703, which restricts the admissibility of seat belt-nonuse evidence in civil actions, violate the separation-of-powers doctrine found in article IV, section 2, of the Arkansas Constitution? We conclude that the answer is yes. Arkansas Code Annotated section 27-37-703 is unconstitutional. ^According to the district court’s order, the certified question arises from a car accident that occurred on August 1, 2011, on Interstate 630 in Little Rock, Arkansas. Petitioner Corina Mendoza was a passenger in the backseat of a vehicle operated by respondent Anthony Adams when Adams fell asleep at the wheel and ran into the back of a parked excavator. Mendoza filed an amended complaint seeking damages for significant and permanent personal injury. Mendoza alleged that Adams was acting in the course of his employment with respondents WIS International, Inc., and Washington Inventory Services, Inc. (collectively “WIS”), at the time of the accident. WIS and Adams filed answers and pled the affirmative defense of comparative fault, specifically including Mendoza’s failure to wear a seat belt at the time of the accident. WIS and Adams filed motions in the district court challenging the constitutionality of section 27-37-703 on the basis that the statute purports to limit or otherwise dictate what evidence is admissible at trial and is, therefore, unconstitutional. The arguments of Adams and WIS are based on article 4, § 2 and amendment 80, § 3 of the Arkansas Constitution. They contend that, under amendment 80, § 3 of the Arkansas Constitution and the separation-of-powers doctrine, section 27-37-703 is unconstitutional. Specifically, respondents argue that section 27-37-703(a)(l) is unconstitutional because it is a legislative attempt to impose a rule of evidence. American Trucking Associations, Inc., and Arkansas Trucking Association, Inc., filed amicus curiae briefs asserting that the statute is unconstitutional. The Arkansas Trial Lawyers Association filed an amicus brief asserting that the statute is constitutional. [Jt is well settled that there is a presumption of validity attending every consideration of a statute’s constitutionality; every act carries a strong presumption of constitutionality, and before an act will be held unconstitutional, the incompatibility between it and the constitution must be clear. Johnson v. Rockwell Automation, Inc., 2009 Ark. 241, 308 S.W.3d 135 (citing Shipp v. Franklin, 370 Ark. 262, 258 S.W.3d 744 (2007)). Any doubt as to the constitutionality of a statute must be resolved in favor of its constitutionality. See id. The heavy burden of demonstrating the unconstitutionality is upon the one attacking it. See id. Finally, when possible, we will construe a statute so that it is constitutional. See id. In determining the constitutionality of the statutes, we look to the rules of statutory construction. Johnson, 2009 Ark. 241, 308 S.W.3d 135. When construing a statute, the basic rule is to give effect to the intent of the legislature. Id. (citing Rose v. Ark. State Plant Bd., 363 Ark. 281, 213 S.W.3d 607 (2005)). Where the language of a statute is plain and unambiguous, we determine the legislative intent from the ordinary meaning of the language used. See id. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. See id. As a threshold issue, Mendoza asserts that respondents’ motions challenging the constitutionality of section 27-37-703 are premature. She contends that this matter is not ripe because respondents did not introduce evidence of her nonuse of a seat belt. Respondents argue in their briefs that they cannot introduce evidence of Mendoza’s nonuse of a seat belt because it is prohibited by section 27-37-703(a)(l), thereby placing respondents in a “catch-22” situation. We accepted the request from the district court to determine the certified |4question of whether section 27-37-703 is unconstitutional. We have not been asked to determine whether respondents’ motions are premature; therefore, we will not address Mendoza’s argument on this point. We now turn to respondents’ challenge to the constitutionality of section 27-37-703, which provides as follows: (a)(1) The failure of an occupant to wear a properly adjusted and fastened seat belt shall not be admissible into evidence in a civil action. (2) Provided, that evidence of the failure may be admitted in a civil action as to the causal relationship between noncompliance and the injuries alleged, if the following conditions have been satisfied: (A) The plaintiff has filed a products liability claim other than a claim related to an alleged failure of a seat belt; (B) The defendant alleging noncompliance with this subchapter shall raise this defense in its answer or timely amendment thereto in accordance with the rules of civil procedure; and (C) Each defendant seeking to offer evidence alleging noncompliance has the burden of proving: (i) Noneompliance; (ii) That compliance would have reduced injuries; and (iii) The extent of the reduction of the injuries. (b)(1) Upon request of any party, the trial judge shall hold a hearing out of the presence of the jury as to the admissibility of such evidence in accordance with the provisions of this section and the rules of evidence. (2) The finding of the trial judge shall not constitute a finding, of fact, and the finding shall be limited to the issue of admissibility of such evidence. Ark. Code Ann. § 27-37-703 (Repl. 2014). | .¡Mendoza argues that the statute is a matter of substantive law, defining what is negligent for purposes of comparative fault and is therefore within the province of the legislature. She asserts that section 27-37-703 is a substantive alteration to the law of comparative fault or contributory negligence and not rules of pleading, practice, or procedure. Respondents assert that the statute is a matter of procedural law, which is exclusively in this court’s domain. Law is substantive when it is “[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of the parties.” See Johnson, 2009 Ark. 241, at 8, 308 S.W.3d at 141 (quoting Summerville v. Thrower, 369 Ark. 231, 237, 253 S.W.3d 415, 419-20 (2007) (citing Black’s Law Dictionary 1443 (7th ed. 1999))). Procedural law is defined as “[t]he rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights or duties .themselves.” Summerville, 369 Ark. at 237, 253 S.W.3d at 420 (citing Black’s Law Dictionary 1221 (7th ed.1999)). It is undisputed that the rules of evidence are “rules of pleading, practice and procedure.” See Johnson, 2009 Ark. 241, at 10, 308 S.W.3d at 142. We have held that the rules of evidence fall within this court’s domain. See id., 308 S.W.3d 135 (citing Ricarte v. State, 290 Ark. 100, 717 S.W.2d 488 (1986)). Accordingly, under our holding in Johnson, if the statute is a rule of evidence, then it violates separation of powers and is unconstitutional. In Johnson, we held that the nonparty provision of Arkansas Code Annotated section 16-55-212(b), which limited the evidence that may be introduced at trial relating to the value of medical expenses, was unconstitutional. We held that the provision clearly dictated what | (¡evidence is admissible and therefore found the statute to be unconstitutional. The statute in Johnson provided as follows: Any evidence of damages for the costs of any necessary medical care, treatment, or services received shall include only those costs actually paid by or on behalf of the plaintiff or which remain unpaid and for which the plaintiff or any third party shall be legally responsible. 2009 Ark. 241, at 10, 308 S.W.3d at 142 (emphasis in original) (quoting Ark. Code Ann. § 16-55-212(b) (Supp. 2003)). In Johnson, we held that because the provision clearly limited the evidence that may be introduced relating to the value of medical expenses, thereby dictating what evidence is admissible, the statute violated the separation-of-powers doctrine. Johnson, 2009 Ark. 241, 308 S.W.3d 135. In the seat-belt statute, section 27-37-703(a), the trial court is given the discretion to determine whether evidence is admissible in product-liability actions only and is barred from determining admissibility in other actions. Mendoza contends that section 27-37-703 is a matter of substantive law defining what is negligence for purposes of comparative fault. In support of her contention, Mendoza relies on Potts v. Benjamin, 882 F.2d 1320 (8th Cir.1989), where the Eighth Circuit held that a statute modifying the content of state tort-law doctrines of contributory and comparative negligence was a classic example of “the type of substantive rule of law binding upon a federal court in a diversity case.” Id. at 1324. In Potts, the Eighth Circuit addressed Arkansas Code Annotated section 27-34-106, the statute regarding the use of evidence of failure to place 17children in child-restraint seats. The Eighth Circuit stated that section 27-34-106 established a rule of substantive law. However, section 27-34-106 is distinguishable from section 27-37-703. The seat-belt statute states that evidence of nonuse may not be admitted, whereas section 27-34-106 provides that the failure to place children in child-restraint seats may not be admitted as evidence of comparative or contributory negligence. Moreover, section 27-37-703 originally contained the same language found in the child-restraint statute. In 1991, section 27-37-703 provided in part as follows: The failure to provide or use a seat belt shall not be considered under any circumstances as evidence of comparative or contributory negligence, nor shall such failure be admissible as evidence in the. trial of any civil action with regard to negligence. In 1995 Ark. Acts 1118, the language “shall not be considered under any circumstances as evidence of comparative or contributory negligence” and “with regard to negligence” was removed (from section 27-37-703 by the legislature. However, the analogous language found in the child safety-seat statute was not removed. Mendoza also argues that even if section 27-37-703 is strictly a rule of evidence, it is still valid based on Rule 402 of the Arkansas Rules of Evidence, which reads “all relevant evidence is admissible, except as otherwise provided by statute or by these rules or by other rules applicable in the courts of this State.” Mendoza contends that Rule 402 specifically empowers the legislature to determine relevance by statute and that the legislature properly exercised this power in the seat-belt statute. Mendoza relies on our holding in Bedell v. Williams, 2012 Ark. 75, 386 S.W.3d 493, wherein this court considered the constitutionality of a statute giving medical-care providers the privilege to refuse to testify as to certain matters. The issue in Bedell was whether Arkansas Code Annotated section 16-114-207 was unconstitutional. In Bedell, we held the following: This court has specifically given the General Assembly the power to enact statutes regarding testimonial privilege. See Ark. R. Evid. 501 (no person has a privilege to refuse to testify or prevent another from being a witness “except as otherwise provided by constitution or statute”) (emphasis added). Therefore, this section does not violate the separation-of-powers doctrine. Bedell, 2012 Ark. 75, at 17, 386 S.W.3d at 505. Mendoza asserts that our holding regarding Rule 501 should be applied to Rule 402, with the end result being that the legislature is empowered to determine relevance by statute based on the language “except as otherwise provided by statute.” Ark. R. Evid. 402. Mendoza’s argument contradicts our holding in Johnson that the legislature cannot enact a statute that “clearly limits the evidence that may be introduced.” Johnson, 2009 Ark. 241, at 11, 308 S.W.3d at 142. Bedell and Johnson are distinguishable. We have previously ruled that a statute granting a privilege is substantive law. See Cato v. Craighead Cnty. Circuit Court, 2009 Ark. 334, at 9, 322 S.W.3d. 484, 489 (2009) (holding that a statute granted a “privilege” to members of the organized militia serving military duty by granting them exemption from civil process). We held that the creation of such a privilege was substantive legislation. In Rule 501 of the Arkansas Rules of Evidence, we granted the legislature the authority to enact statutes regarding privilege because the power of the legislature to enact statutes regarding privilege is substantive law and does not conflict with amendment 80 and |athe separation-of-powers doctrine. Rule 402, however, is procedural in that it dictates what evidence is relevant. Just as we will not interpret a statutory provision so as to reach an absurd result, neither will we interpret a court rule in such a manner. Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs., Inc., 2011 Ark. 501, 385 S.W.3d 797. If we were to grant authority to the legislature to determine the relevancy of evidence in court proceedings, we would be depriving the trial courts of their exclusive authority to determine the relevancy of evidence. Such an interpretation of Rule 402 would create an absurd result.[1] Prior to the passage of amendment 80, this court and the legislature shared authority to prescribe procedure. Curtis v. State, 301 Ark. 208, 783 S.W.2d 47 (1990). In State v. Sypult, 304 Ark. 5, 7, 800 S.W.2d 402, 404 (1990), we held that when conflicts arise between legislation and rules of evidence and procedure, “our rules remain supreme.” Conversely, since the passage of amendment 80, we held that “so long as a legislative provision dictates procedure, that provision need not directly conflict with our procedural rules to be unconstitutional. This is because rules regarding pleading, practice, and procedure are solely the responsibility of this court.” Johnson, 2009 Ark. 241, at 8, 308 S.W.3d at 141. The seat-belt statute is procedural and therefore offends the principle of separation of powers and the powers specifieally prescribed to this court by amendment 80. See Johnson. Accordingly, we hold that Arkansas Code Annotated section 27-37-703 violates separation |inof powers under article 4, § 2 and amendment 80, § 3 of the Arkansas Constitution and is therefore unconstitutional. Certified question answered. Baker, Hart, and Wood, JJ., dissent. . We request our Civil Practice Committee to review Rule 402 in light of this opinion. To the extent that any other rules of evidence conflict with Johnson v. Rockwell, we refer those rules to the Committee for review as well.