JOSEPHINE LINKER HART, Justice, dissenting. haOn April 14, 2016, a majority of this court answered a question certified to us from the Federal District Court for the Eastern District of Arkansas, despite our venerable practice of not issuing advisory opinions or addressing moot issues. Mendoza v. WIS Int’l, Inc., 2016 Ark. 157, 2016 WL 1554365 (Hart, J., dissenting). In Mendoza, a majority of this court chose to declare Arkansas Code Annotated section 27-37-703, a portion of our mandatory seatbelt-use law, unconstitutional even though the statute in question had no applicability to the factual situation before us. Id. Today’s opinion returns to the practice of not issuing advisory opinions or addressing moot issues. Over objections from two justices who believed the questions submitted by the federal | godistrict court were settled by ample precedent, this court accepted two very specific certified questions: I. Whether faulty workmanship resulting in property damage to the work or work product of a third party (as opposed to the work product of the insured) constitutes an “occurrence.” II. If such faulty workmanship constitutes an “occurrence,” and an action is brought in contract for property damage to the work or work product of a third person, does any exclusion in the policy bar coverage for this property damage? The second question only required an answer if we answered the first question affirmatively. In my view, the key to the first question lies in the definition of “occurrence.” As the majority notes, “occurrence” was partially defined in the commercial general-liability insurance policies that we had before us as “an accident, including continuous or repeated exposure to substantially the same general harmful conditions.” The term- “accident” is not defined in the policy. However, this court has defined “accident” to mean “an event that takes place without one’s foresight.or expectation — an event that proceeds from an unknown cause, or is an unusual effect of a known cause, and therefore not expected.” United States Fid. & Guar. Co. v. Cont. Cas. Co., 353 Ark. 834, 845, 120 S.W.3d 556, 563 (2003). Similarly, in'answering a certified question that is analogous to the one currently before us,[1] this court |g1in Essex Insurance Company v. Holder, 370 Ark. 465, 261 S.W.3d 456 (2007), defined accident as “an event that takes place without one’s foresight or expectation — an event that proceeds ' from an unknown cause, and therefore not expected.” Id. (citing Continental Insurance Co. v. Hodges, 259 Ark. 541, 534 S.W.2d 764 (1976)). Accordingly, the answer to the certified questions lies within our very clear precedent. In my view, this court had two options: render the obvious answer to the question, which essentially was asking us. if we would stand by our precedent, or declining to answer pursuant to Arkansas Supreme Court Rule 6-8(a)(5): “In its discretion, the Supreme Court may at any time rescind its decision to answer a certified question.” Creating a “threshold” question about coverage under the policy goes well beyond what the- federal court asked. Moreover,' the' majority’s conclusions are not binding on the federal court. Accordingly, if this court wants to remain true to its return to our policy of not answering moot questions or issuing advisory opinions, it has said too much. . The Holder court was asked to answer a certified question that it characterized as follows: The law in question involves whether defective construction or workmanship (including failure to complete work, delays in construction, or failure to procure qualified subcontractors) constitutes an accident and, therefore, an occurrence within the meaning of commercial general liability insurance policies issued by an insurer to an insuree.